# United States District Court
## IN THE DISTRICT OF COLUMBIA

Paul B. Evans,
Box 625,
Coulee City, Washington 99115

Case No.  1:06-cv-32 JDB

                                 Plaintiff(s),

FILED

FEB 2 2 2006

v.

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States

                    Defendant.

## RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR LEAVE TO AMEND COMPLAINT

### I
### INTRODUCTION

1.    Plaintiff hereby responds to the Court's Order to Show Cause why the Complaint in the above-captioned action, construed as a refund action, should not be dismissed, albeit without prejudice, for improper venue.

2.    All grounds for dismissal assume, based solely upon a poorly worded damages request, that the case at bar is a refund suit under section 7422 of the Internal Revenue Code, rather than a damages suit under section 7433, as clearly stated.

3.    To the extent that Counsel's misreading, misunderstanding, mischaracterization and misrepresentation (See: Motion for Sanctions and Referral to the BAR Disciplinary Committee, filed consurrently) may be due to inarticulate pleading on the part of Plaintiff(s), Plaintiff(s) respectfully request(s) leave to amend the Complaint. With knowledge that Fed. R. Civ. P. 15(a) establishes a Party's right to amend pleadings before a responsive pleading is served; and, notwithstanding that a motion to

dismiss complaint under rule 12 is not a 'responsive pleading' within rule 15's amendment as of right context,  Christophides v. Porco, D.C.N.Y. 1968, 289 F.Supp. 403, Plaintiff(s) nonetheless request(s) the Court grant leave to amend, which "shall be freely given when justice so requires". Rule 15(a), Federal Rules of Civil Procedure.  An Amended Complaint is lodged concurrently with this Motion To Amend.

II

## PLAINTIFF(S) SEEK(S) FINDINGS AS TO UNAUTHORIZED COLLECTION ACTIVITY

2.    In seeking, as a part of the remedy, return of amounts unlawfully collected without assessment, Plaintiff(s) have/has apparently clouded the issues in the above-captioned action.  Plaintiff(s) seek(s) no *refund* in this action.  Indeed, Plaintiff(s) is/are of the belief that "refund", i.e., the "refunding" of a amounts overcollected, is a matter not yet ripe for adjudication, as explained below.  That poor choice of words is corrected in the Amended Complaint lodged herewith.

3.    Plaintiff(s) seek(s) only a determination as to whether officers or employees of defendant's agent disregarded the provisions of the Internal Revenue Code or regulations promulgated thereunder in connection with collection activity, as alleged. If, at trial, the Court finds as fact that such unauthorized collection actions were committed, damages — authorized by Congress — may then be determined; tort damages are in no sense a "refund".

3.    Alternatively, if the Court finds that no provisions of the Internal Revenue Code or regulations promulgated thereunder were disregarded, then "refund" becomes the justiciable  issue, and the proper venue for such "refund" action may then be

determined.

## III.

## <u>VENUE IS PROPER BECAUSE ACT OF ASSESSMENT OCCURS IN THE DISTRICT</u>

## <u>OF COLUMBIA</u>

4.    Internal Revenue Code section 6203 specifies that "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." and "upon request of the taxpayer the Secretary shall furnish a copy of the assessment records to the taxpayer." Plaintiff(s) have so requested, the secretary has failed/refused to comply.

5.    The District of Columbia is the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, <u>61 Stat. 643</u>. "The Office of the Secretary" is required to be exercised in the seat of government, pursuant to Title 4, United States Code, § 72, <u>61 Stat. 643</u>, and is addressed at 1500 Pennsylvania. Ave. N.W., Washington D.C. 20224.

6.    Venue, for purposes of seeking judicial determination with respect to the matters presently before the Court, is proper in the District of Columbia.

## IV

## <u>AMENDMENT OF COMPLAINT REMOVES BASIS FOR CONFUSION</u>

7.    Plaintiff(s) have/has amended the Complaint in the above-captioned action, removing any reference to "unassessed amounts", and apologizes for confusing the Court. (copy attached)

## V

## ORDER TO SHOW CAUSE RESULTS IN PLAINTIFF'S CONFUSION

8.    Plaintiff's confusion as to the basis for the Court's Order to Show Cause arises from the recent Supreme Court case WACHOVIA BANK, N. A. V. SCHMIDT, (04-1186)[1], decided January 17, 2006. In that case, Ginsburg, J., stated that:

> "...venue and subject-matter jurisdiction are not concepts of the same order. Venue, largely a matter of litigational convenience, is waived if not timely raised. Subject-matter jurisdiction, on the other hand, concerns a court's competence to adjudicate a particular category of cases; a matter far weightier than venue, subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection.

9.    Plaintiff is confused because the Court has not raised subject matter jurisdiction as a basis for the Order to Show Cause, either on its own motion or on objection of the defendant.

10.    Writing for the majority, Justice Ginsburg cited LEROY V. GREAT WESTERN UNITED CORP., 443 U.S. 173, 180, which established that:

> "venue is primarily a matter of choosing a convenient forum."

11.    Plaintiff has chosen the District of Columbia - the most convenient forum for the defendant.

12.    Plaintiff has not been blessed with notice of any filing on the part of the defendant raising the issue of venue. It appears that defendant may have filed an ex parte motion. An Objection to Ex Parte Motion is filed concurrently herewith.

---

[1] 388 F.3d 414 (2004), Cert. Granted 6/13/05

WHEREFORE, Plaintiff(s) request(s) the Court grant leave to file the Amended

Complaint, lodged herewith.

Dated: _____2 / 16_____, 2006

_____
Paul B. Evans