IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL B. EVANS | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-32 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiff alleges that, beginning with tax year 1998, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection."

QUESTIONS PRESENTED

Plaintiff, Paul B. Evans, attempted to served the initial process on the United States. Should the Court dismiss the amended complaint for failure to properly serve the United States?

Plaintiff's amended complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. The amended complaint fails to allege that plaintiff has filed claims for damages for "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1.  Introduction & background.  Plaintiff, Paul B. Evans, filed a complaint on

January 1, 2006 and an amended complaint on February 22, 2006.1/  The amended

complaint alleges that in connection with the collection of federal tax "beginning with

'tax year' 1998," agents and employees of the Internal Revenue Service "recklessly,

intentionally, or by reason of negligence disregarded" a laundry list of statutes from the

Internal Revenue Code.2/  (Am. Compl. ¶¶ 1, 7.)  On February 6, 2006, plaintiff filed

returns of service showing that plaintiff himself served the Attorney General and the

United States Attorney for the District of Columbia by certified mail.  (*See* PACER # 3,

#4.)

2.  Relief sought in the amended complaint.  In the amended complaint, plaintiff

seeks damages on account of "reprehensible, egregious, and vexatious behavior of the

defendant.".3/  (Am. Compl. ¶ 32.)

---

1/  Plaintiff's case is one of nearly 70 known cases filed in this Court with identical or nearly identical complaints/amended complaints.

2/  On January 18, 2006, the Court issued an order for plaintiff to show cause why venue was proper in this Court for plaintiff's tax refund claim.  Plaintiff responded on February 22, 2006, denying that he is seeking a refund.  (Response ¶ 3.)  Plaintiff's amended complaint does not include a request for a refund.

3/  Plaintiff also may be seeking declaratory relief.  (See Am. Compl. ¶ 31 where plaintiff seeks a determination that the Internal Revenue Service, "its principals, officers, agents, 'rogue agents' and/or employees" intentionally or negligently disregarded provisions of the Internal Revenue Code.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

ARGUMENT

I

THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. Davis v. Garcia, 226 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999); Willis v. Tarasen, 2005 WL 1705839, *2 (D. Minn. 2005); Hanberg v. FBI, 2003 WL 21730604, *1 (E.D. La. 2003); Perkel v. United States, 2001 WL 58964, *1 (N.D. Cal. 2001).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. <u>Rabiolo v. Weinstein</u>, 357 F. 2d 167, 168 (7th Cir. 1966); <u>see</u> <u>also</u> <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. <u>Bland v. Britt</u>, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. <u>See</u> <u>Light v. Wolf</u>, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. <u>See</u> <u>Myers v. American Dental Ass'n</u>, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); <u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff signed the returns of service indicating that he, himself, served the summons on the Attorney General and the United States Attorney for the District of Columbia by certified mail. Paul B. Evans is, of course, a party to this action, and thus cannot properly serve the summons. Accordingly, plaintiff has failed to properly serve the United States, and his amended complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE AMENDED COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

*This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's' Damages Claim.*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Am. Compl. ¶ 7.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

1586438.1

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F.Supp.2d at 128; Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. On the contrary, he asserts instead that he "may forego exhausting administrative remedies that are either futile or inadequate." (Am. Compl. ¶¶ 6, 30.) Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of

1586438.1

administrative remedies, this Court does not have jurisdiction over his section 7433

claim, and the Court should dismiss the amended complaint.

## CONCLUSION

Because plaintiff has failed to properly serve the United States and because the

Court lacks jurisdiction over his amended complaint, the amended complaint should be

dismissed.

DATE:  April 3, 2006.

Respectfully submitted,


 /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6390


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1586438.1

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN

SUPPORT OF UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

was caused to be served upon plaintiff *pro se* on April 3, 2006 depositing a copy in the

United States' mail, postage prepaid, addressed as follows:

> Paul B. Evans
> Plaintiff *Pro Se*
> Box 625
> Coulee City, WA 99115

 /s/ Pat S. Genis
PAT S. GENIS, #446244

8

1586438.1