IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL B. EVANS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-32 (JDB) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO MOTION FOR ENTRY OF DEFAULT**

On April 4, 2006, plaintiff filed a request for entry of default. (Pltfs.' Req. for Entry of Default.) In his request, plaintiff recited that he had served "counsel for the defendant" by registered mail on January 25, 2006. (Pltfs.' Req. for Entry of Default ¶ 2.) The United States of America, by and through its attorneys, opposes plaintiff's motion for entry of default for the following reasons:

1. <u>Plaintiff failed to properly serve the United States with a summons and complaint, and, therefore, the Court lacks jurisdiction over the person of the United States</u>.

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service.

In this case, plaintiff signed the returns of service indicating that he, himself, served the summons on the Attorney General and the United States Attorney for the District of Columbia by certified mail. Paul B. Evans is, of course, a party to this action,

and thus cannot properly serve the summons. Accordingly, plaintiff has failed to properly serve the United States, and the Court lacks personal jurisdiction over the United States.

    2.    <u>The Court lacks subject matter jurisdiction over the complaint, due to plaintiff's failure to exhaust administrative remedies prior to filing his suit.</u>

This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. <u>See</u> 26 C.F.R. § 301.7433-1(e). The regulations provide that a taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. On the contrary, he asserts instead that he "may forego exhausting administrative remedies that are either futile or inadequate." (Am. Compl. ¶¶ 6, 30.) Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim.

As the foregoing discussion indicates, plaintiff's request for entry of default should be denied. The grounds for relief stated above are more fully set forth and discussed in the memorandum of law in support of the United States' motion to dismiss, which was filed on April 3, 2006, and is incorporated with this motion by reference.

Date: April 4, 2006.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 307-6390

OF COUNSEL:

KENNETH W. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' OPPOSITION TO MOTION TO ENTER DEFAULT was served on April 4, 2006 by First-Class Mail, postage prepaid, addressed to the following persons:

> PAUL B. EVANS
> Plaintiff *Pro Se*
> Box 625
> Coulee City, WA 99115

                                           /s/   Pat S. Genis
                                          PAT S. GENIS, #446244