## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PAUL B. EVANS,

    Plaintiff,

      v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No.  06-0032 (JDB)

## MEMORANDUM OPINION

This action is one of more than seventy cases in which dozens of individuals across the nation have submitted (in a pro se capacity) boilerplate filings to this Court, asserting that they are entitled to damages pursuant to the Taxpayer Bill of Rights ("TBOR") for alleged misconduct by the Internal Revenue Service ("IRS") in the collection of taxes. See 26 U.S.C. § 7433. Presently pending before the Court is defendant's motion to dismiss the amended complaint of plaintiff Paul B. Evans. Defendant has advanced several arguments to buttress its position, the most compelling of which is plaintiff's alleged failure to pursue administrative remedies as required by 26 U.S.C. § 7433(d)(1). Defendant contends that plaintiff's failure to comply with this provision divests the Court of subject matter jurisdiction over this matter. See Fed. R. Civ. P. 12(b)(1). For the reasons that follow, the Court concludes that plaintiff has failed to state a claim upon which relief can be granted due to his failure to exhaust administrative remedies. See Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Section 7433(a) of the Internal Revenue Code authorizes taxpayers to bring an action for civil damages against any officer or employee of the IRS who "recklessly or intentionally, or by

reason of negligence disregards any provision" of the Code or its implementing regulations.  26

U.S.C. § 7433(a).  Section 7433(d)(1), however, limits such actions, by providing that "[a]

judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has

exhausted the administrative remedies available to such plaintiff within the Internal Revenue

Service."  In accordance with this provision, the IRS has promulgated regulations that establish

procedures to be followed by a taxpayer who believes that IRS officers or employees have

disregarded provisions of the tax code in their collection activities.  See 26 C.F.R. § 301.7433-1.

Specifically, these regulations require that an aggrieved taxpayer must first submit his or her

claim "in writing to the Area Director, Attn: Compliance Technical Support Manager[,] of the

area in which the taxpayer currently resides," and further require that the claim must include:

> (i) The name, current address, current home and work telephone numbers and any
> convenient times to be contacted, and taxpayer identification number of the
> taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any
> available substantiating documentation or correspondence with the Internal
> Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim  (include
> copies of any available substantiating documentation or evidence);
>
> (iv) The dollar amount of the claim, including any damages that have not yet been
> incurred but which are reasonably foreseeable (include copies of any available
> substantiating documentation or evidence);  and
>
> (v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e).  If such a claim is filed and the IRS has either issued a decision on the

claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer

may proceed to file suit in federal district court pursuant to 26 U.S.C. § 7433(a).  See 26 C.F.R.

§ 301.7433-1(d)(1).  The regulations also allow the taxpayer to file suit immediately after the

administrative claim is submitted if the administrative submission occurs during the last six

months of the two-year limitations period.  26 C.F.R. § 301.7433-1(d)(2).

A brief review of the history of this regulation is provided to further frame the analysis

below.  The regulation was originally promulgated by the IRS in 1992 following the creation of

the damages action at 26 U.S.C. § 7433 and its accompanying exhaustion requirement.  See 56

Fed. Reg. 28842, 28843 (June 25, 1991) (citing Technical and Miscellaneous Revenue Act of

1988,  § 6241, Pub. L. 100-647, 102 Stat. 3342 (1988)); 57 Fed. Reg. 3535, 3537 (Jan. 30, 1992).

In 1996, Congress modified this scheme by providing that failure to exhaust administrative

remedies would no longer bar suit, but instead would be a factor in reducing an award of

damages; Congress also increased the amount of damages authorized from $100,000 to

$1,000,000.  68 Fed. Reg. 14316, 14317 (Mar. 25, 2003) (citing Taxpayer Bill of Rights 2,

§§ 801, 802, Pub. L. 104-168, 110 Stat. 1465 (1996)).  In 1998, however, Congress reimposed the

requirement to exhaust administrative remedies prior to bringing an action for damages under

§ 7433, and also expanded the action to include a claim based on negligent conduct -- and it is

this version of § 7433 that is before the Court today.  Id. (citing the Internal Revenue Service

Restructuring and Reform Act of 1998, § 3102(a)(2),  Pub. L. 105-206, 112 Stat. 685 (1998)).

The IRS promulgated regulations in 2003 to conform 26 C.F.R. § 301.7433-1 to the 1996 and

1998 amendments.

## ANALYSIS

At the outset, it is important to note that, in accordance with recent Supreme Court

jurisprudence, the issue presented does not technically concern subject matter jurisdiction, and is

more properly analyzed as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Turner v.

United States, -- F. Supp. 2d. --, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on

Arbaugh v. Y&H Corp., 126 S.Ct. 1235 (2006), that an identical omission in an indistinguishable

case raised an issue of failure to state a claim upon which relief may be granted pursuant to Fed.

R. Civ. P. 12(b)(6), rather than lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1)).  For the reasons that follow, the Court will grant defendant's motion to dismiss pursuant

to Fed. R. Civ. P. 12(b)(6).

In his opposition papers, plaintiff does not claim that he followed the procedures set forth

in § 301.7433-1(e).[1]  Rather, he contends that the exhaustion requirement does not apply where an

adverse decision is certain, in particular, where the agency has articulated a very clear position on

an issue and has demonstrated it is unwilling to reconsider.  See Pl.'s Opp'n at 3-11 (citing

Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986), and

listing examples of IRS positions adverse to plaintiff).  Plaintiff's argument fails for two reasons.

In the first instance, none of the examples cited by plaintiff indicate that the IRS has taken such a

position with respect to plaintiff's claim for damages.

More significantly, the exhaustion requirement of TBOR does not provide for such

exceptions.  To be sure, plaintiff is correct that courts occasionally relieve plaintiffs of exhaustion

requirements.  See, e.g., McCarthy v. Madigan, 503 U.S. 140, 146 (1992) (stating that

"administrative remedies need not be pursued if the litigant's interests in immediate judicial

review outweigh the government's interests in the efficiency or administrative autonomy that the

---

[1] Plaintiff does assert in his complaint that "[p]laintiff(s) have exhausted administrative remedies *in that* plaintiff(s) has/have written numerous requests *for documents and authorities* which require responses from the IRS."  Am. Compl. ¶¶ 6, 30 (emphasis added).  He attaches an affidavit to the complaint attesting to substantially the same history of correspondence.  Am. Compl. Att. 1 (noting that he has "repeatedly sent numerous correspondence to the IRS," that he has requested records of assessments and a refund, and then concluding that he has exhausted all administrative remedies).  However, requesting information or a refund from the IRS is not a substitute for submitting a damages claim pursuant to 26 C.F.R. § 301.7433-1(e).  See Scott v. United States, 416 F. Supp. 2d 116, 119 (D.D.C. 2006).

exhaustion doctrine is designed to further").  But this only occurs when the exhaustion

requirement is itself a judicial construct.[2]  If exhaustion is a statutory mandate, however, then

courts may not carve out exceptions that are unsupported by the statutory text.  See id. at 144

(stating that "[w]here Congress specifically mandates, exhaustion is required"); Avocados Plus,

Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (stating that "[i]f [a] statute does

mandate exhaustion, a court cannot excuse it") (citing Shalala v. Ill. Council on Long Term Care,

Inc., 529 U.S. 1, 13 (2000)).

       Plaintiff next contends that the regulation is invalid, on the ground that the six-month

waiting period is "extreme" and unfair, and that it is more restrictive than authorized by

Congress.[3]  Defendant contends that the regulation is plainly valid under the familiar framework

of Chevron USA, Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984).  The Court

agrees.  At step one of Chevron, the Court first must inquire whether the statute "speaks clearly 'to

the precise question at issue.'"  Chevron, 467 U.S. at 842-43.  If so, then the analysis proceeds no

further -- the Court must "give effect to the unambiguously expressed intent of Congress."  Id.;

see also Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997) (if text is plain and unambiguous,

then the analysis ends there).  If, however, the statute is not clear in relation to the specific issue

_____

       [2] Moreover, even under circumstances in which the exhaustion requirement is not
explicitly mandated by statute, courts have said that an implied "exhaustion requirement may be
waived in 'only the most exceptional circumstances.'  . . . Even the probability of administrative
denial of the relief requested does not excuse failure to pursue [the administrative remedies]."
Randolph-Sheppard Vendors of Am., 795 F.2d at 106 (citations omitted).

       [3] Plaintiff also suggests that the administrative remedies were not available to him until
2003 when the IRS promulgated amendments to 26 C.F.R. § 7433-1 to conform it to the 1996 and
1998 Congressional amendments.  However, as discussed in more detail in the Background
section, the procedure for filing an administrative claim has been available since 1992, and
remained available following the 1996 and 1998 amendments to 26 U.S.C. § 7433.  See 57 Fed.
Reg. at 3537); 26 C.F.R. § 7433-1(e) (1997); 26 C.F.R. § 7433-1(e) (1999).

before the Court, then under <u>Chevron</u> step two, the Court must consider whether the agency's interpretation is supported by a "permissible construction" of the statute.  <u>Chevron</u>, 467 U.S. at 843.  But the Court will only reach the second inquiry under <u>Chevron</u> if it determines that the statute is "silent or ambiguous with respect to the specific issue" presented.  <u>Id</u>.  The "[e]xistence of ambiguity is not enough per se to warrant deference to the agency's interpretation.  The ambiguity must be such as to make it appear that Congress either explicitly or implicitly delegated authority to cure that ambiguity."  <u>Am. Bar Ass'n v. FTC</u>, 430 F.3d 457, 469 (D.C. Cir. 2005); <u>see also</u> <u>Michigan v. EPA</u>, 268 F.3d 1075, 1082 (D.C. Cir. 2001).  Hence, under the <u>Chevron</u> step two deferential analysis, if the statute is "ambiguous in such a way as to make the [agency's] decision worthy of deference," then this Court should "uphold the [agency's] interpretation of the ambiguous statute as long as that interpretation is 'permissible,' that is, if it is 'reasonable.'"  <u>Am. Bar Ass'n</u>, 430 F.3d at 468 (quoting <u>Chevron</u>, 467 U.S. at 843, 845).  When the agency decision is based upon its interpretation of the statute that it is charged with administering, a court's deference to the agency is at its apex.  <u>See</u> <u>United States v. Mead</u>, 533 U.S. 218, 226-27 (2001). An agency will receive utmost deference if "it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." <u>Mead</u>, 533 U.S. at 226-27.

The exhaustion provision at issue, 26 U.S.C. § 7433(d)(1), provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  The statutory text is silent on the exhaustion procedures to be administered.  Congress, however, has implicitly delegated authority to the IRS to prescribe the administrative remedies to be exhausted,

a conclusion that is supported by the tax code itself and by the legislative history of the

exhaustion requirement. Congress has granted explicit authority to the IRS to "prescribe all

needful rules and regulations for enforcement of this title, including all rules and regulations as

may be necessary by reason of any alteration of law in relation to internal revenue." 26 U.S.C.

§ 7805(a).  The IRS authority to prescribe the administrative process is also implicit from the

legislative history.  The administrative process was promulgated by the IRS in 1992 in response

to the creation of the damages action and statutory exhaustion requirement, and had been in place

for several years when Congress addressed the impact of the administrative process on the

damages action in the 1996 and 1998 amendments -- that is, reducing the impact of a failure to

exhaust administrative remedies in the 1996 amendments by making it only a factor in awarding

damages, but then reimposing exhaustion as a prerequisite to suit in 1998.  See 67 Fed. Reg.

9929, 9929 (Mar. 5, 2002).  In this statutory and historical context, it is quite clear that Congress

has implicitly authorized the IRS to prescribe the details of administrative exhaustion.

Thus, the Court will proceed to step two of the Chevron analysis, and consider whether

the agency's interpretation of the exhaustion requirement is reasonable.  The simple procedure

established by the IRS is undoubtedly a reasonable one.  The regulation provides a

straightforward administrative process that requires individuals to seek an administrative

resolution of their claims under § 7433.  It reiterates the statutory requirement that a taxpayer

must file an administrative claim, and adds a six-month waiting period before filing suit.  The

information that must be provided is simple and straightforward, consisting of the taxpayer's

identification and contact information, "[t]he grounds in reasonable detail, for the claim," "[a]

description of the injuries incurred," and the "dollar amount of the claim."  26 C.F.R. § 301.7433-

1(e).  The IRS explains that this is basic information that the IRS needs to investigate a taxpayer's

claim and make an informed determination, and further explains that the six-month period is necessary to provide the agency time to gather evidence and consider, and perhaps settle, a claim before litigation.[4]  Def.'s Reply at 6.  The IRS's explanation is a reasonable one, and as an interpretation of a statute it is charged with administering, is deserving of deference.

Plaintiff nonetheless contends that the regulation is more restrictive than the statutory exhaustion provision because, in his view, the statute "merely restricts an award of damages" in the absence of administrative exhaustion, whereas the regulation goes further by stating that "no suit may be maintained" absent exhaustion.  See Pl.'s Opp'n at 13-14.  Plaintiff's reading of the statute is not supported by the case law or legislative history.  The cases have consistently held that the 1998 amendment to § 7433(d)(1) prohibits a suit for damages under § 7433 unless the taxpayer exhausts his administrative remedies.  See, e.g., Turner, 2006 WL 1071852, *3; Scott, 416 F. Supp. 2d at 118.

Moreover, the Court finds no support for plaintiff's position that the history of the amendments demonstrates Congress's intent to allow suits for damages to be filed absent exhaustion -- indeed, the legislative history to the 1998 amendment reimposing the exhaustion provision at issue shows that the opposite is true.  See H. Rep. No. 105-364, pt. 1, at 59 (1997) ("No person is entitled to seek civil damages for negligent, reckless, or intentional disregard of the Code or regulations in a court of law unless he first exhausts his administrative remedies."); S. Rep. 105-75, at 49 (1998) (same).  Congress's decision in 1998 to revert to the pre-1996 amendment language clearly demonstrates an intent to mandate exhaustion.  Turner, 2006 WL 1071852, *2 & n.3.  Thus, the provision in 26 C.F.R. § 301.7433a-1 that "no action . . . shall be

---

[4]  The regulation creates an exception to the six-month waiting period in cases where the two-year limitations period will otherwise expire.  In such cases, the taxpayer may file suit immediately after the administrative claim is submitted.  26 C.F.R. § 301.7433-1(d)(2).

maintained" absent exhaustion is consistent with the literal terms of the statute and its legislative history.

This is the only reasonable reading of § 7433(d)(1), which specifies that a "judgment for damages shall not be awarded" absent exhaustion of administrative remedies.  Plaintiff's belief that the literal terms of (d)(1) permit the filing of suit absent exhaustion, and only preclude an award of damages, is irrational.  Considering that no damages can be awarded absent exhaustion, a suit for damages under § 7433(a) would be meaningless.  The Court declines to interpret the statute to yield such an absurd result.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss on the basis that plaintiff has failed to exhaust administrative remedies and thus has failed to state a claim upon which relief can be granted.  A separate order has been issued on this date.


                                   /s/ John D. Bates
                                   JOHN D. BATES
                                   United States District Judge

Date:  May 4, 2006


Copies to:

Paul B. Evans
Box 625
Coulee City, WA 99115
         Plaintiff, *pro se*

Pat S. Genis
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 227
Ben Franklin Station
Washington, DC  20044
Email: pat.genis@usdoj.gov
         *Counsel for defendant*