IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Paul B. Evans, | ) | |
| | ) | Case No: 1:06-cv-00032-JDB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES (Government), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR RECONSIDERATION

Pursuant to Rule 60(b)(4) Fed. R. Civ. P. plaintiff(s) hereby move(s) the Court for Reconsideration of the dismissal of the above-captioned case for failure to state a claim upon which relief may be granted or in the alternative to vacate its order as a void judgement because dismissal was based on a motion not made and a non-jurisdictional assertion.

This motion is supported by the following:

### COURT GRANTED MOTION NOT MADE

In the Memorandum Opinion and Order, the Court explained in great detail why,

"For the reasons given below, the Court will grant defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."

In reviewing defendant's motion to dismiss, defendant 1) "asserts that plaintiff failed to properly serve the United States" and 2) that "the Court lacks subject matter

jurisdiction over the complaint, due to plaintiff's failure to exhaust his administrative remedies prior to filing suit." Defendant omitted any assertion of failure to state a claim under Fed. R. Civ. P. 12(b)(6) as a ground for the motion and therefore waived the ground[1]. Additionally, this court stated "First of all, as a practical matter, it is a defendant's obligation to raise an objection based on a plaintiff's failure to state a claim upon which relief may be granted, whereas courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in that absence of a challenge from any party" (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006)).

With all due respect, Plaintiff asserts that the Court abused its discretion in granting a motion to dismiss on grounds not raised within that motion, giving defendant an unfair advantage by providing notice of the omitted ground.

### "BOILERPLATE" PLEADINGS PREVIOUSLY FOUND SUFFICIENT

This District Court has found that the "boilerplate" complaint "...sets forth an adequate factual basis to survive a Rule 12(b)(6) motion. See Complaint para. 7." Koerner v. United States, Civil Action No. 05-1600 (ESH); see also Civil Action No.

---

[1] *"Only one pre-answer Rule 12(b)(6) Motion permitted:* Although the Rule 12(b)(6) defense of failure to state a claim is generally not waived (so long as it is asserted before the time of trial), it may not asserted in multiple pre-answer motions. Some (but not all) courts have ruled that successive, pre-answer Rule 12(b)(6) motions are prohibited by Rule 12(g)'s requirement that all Rule 12 defenses ( (including failure to state a claim) be raised in a single, omnibus, pre-answer motion - if the party chooses to file a motion at all." (Federal Civil Rules Handbook, 2002, Baicker-McKee Janssen Corr, West Group p 337 citing Citibank, N.A. v. Oxford Properties & Fin. Ltd. 688 F. 2d 1259 (9th Cir 1982)

06-0024 (ESH), dismissed erroneously for lack of subject matter jurisdiction. Plaintiff respectfully objects to the Court's characterization of the Complaint as "boilerplate", directing the Court's attention to Am Jur Forms of Pleading and Practice, The appendix to the Federal Rules of Civil Procedure, Collier on Bankruptcy, etc.; most if not all pleadings in federal and state courts are "boilerplate", published in the referenced locations. Facts asserted in other lawsuits are irrelevant and immaterial to the facts verified in the instant action. To the extent that such facts are similar, such purported similarity suggests that the unauthorized actions complained of constitute a pattern of unlawful activity on the part of defendant's agents/agency.

### EXHAUSTION OF REMEDY A FACT FOR THE JURY

In Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006), cited in the Memorandum Opinion, the Court found that the issue of exhaustion of the administrative remedy is nonjurisdictional. Turner, slip op., 7. In reaching that finding, the Court identified the issue of exhaustion of remedy as a threshold fact, noting that

> "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; if the fact is jurisdictional, the trial judge may be authorized to resolve the factual dispute, but disputes regarding predicate facts for the claim generally are tried to a jury."

Turner, slip op., 6, citing Arbaugh v. Y & H Corp., 126 S.Ct. 1235, at 1244.

The Arbaugh Court perhaps stated the issue more clearly:

"If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ."

Based upon the Court's own finding, and the Supreme Court case upon which

that finding was based, the threshold/predicate facts regarding exhaustion of administrative remedies - described as an essential element - and any asserted "failure" to exhaust, should be left to a jury. Necessarily, the applicability of any exception to an exhaustion requirement should be for the jury as well.

Whether IRS "has articulated a clear position that it has demonstrated it is unwilling to reconsider" Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982); or, is biased, See: McCarthy v. Madigan, 503 U.S. 140, 146, also cited in Turner, slip op., p. 3, are threshold/predicate facts that should be left to a jury.

The McCarthy Court opined, at 148-9:

"This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion*****Third, an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968) (in view of Attorney General's submission that the challenged rules of the prison were "validly and correctly applied to petitioner," requiring administrative review through a process culminating with the Attorney General "would be to demand a futile act"); Association of National Advertisers, Inc. v. FTC, 201 U.S. App.D.C. 165, 170-171, 627 F.2d 1151, 1156-1157 (1979) (bias of Federal Trade Commission chairman), cert. denied, 447 U.S. 921 (1980). See also Patsy v. Florida International University, 634 F.2d 900, 912-913 (CA5 1981) (en banc) (administrative procedures must "not be used to harass or otherwise discourage those with legitimate claims"), rev'd on other grounds, Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982)."

Whether the facts, related in the Verified Complaint, and as developed through discovery and trial, establish any bias on the part of IRS is, as stated in the Court's own Memorandum, for the jury to decide.

The McCarthy Court further stated, "where Congress has not clearly required exhaustion, sound judicial discretion governs." 503 U.S. at 144. Arbaugh elaborated,

"when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

The Court has already found the statutory limitation nonjurisdictional. Turner, slip op., 7, following Arbaugh. All that is left is for the Court to recognize Arbaugh's example, "the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ," and let the jury decide.

Based upon the foregoing, Plaintiff respectfully asserts that the Court should Reconsider its dismissal, and, upon Reconsideration, reinstate the case.

Respectfully Submitted

Dated  5/11 , 2006

*Paul B. Evans*
Paul B. Evans
Box 625
Coulee City

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Pat S Genis
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated  5/11 , 2006

*Paul B. Evans*
Paul B. Evans