UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL B. EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No.  06-0032 (JDB) |

## ORDER

On May 4, 2006, the Court held that plaintiff failed to exhaust administrative remedies as required by 28 U.S.C. § 7433(d) and 26 C.F.R. § 301.7433-1(e) and thus dismissed this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has now moved for reconsideration of the dismissal.[1]  Plaintiff contends that dismissal pursuant to Rule 12(b)(6) is inappropriate on the grounds, first, that defendant did not assert the defense of failure to state a claim, and second, that another decision issued in this district, Koerner v. United States, No. 05-1600 (D.D.C. Oct. 26, 2005), has held that a complaint similar to plaintiff's alleged facts sufficient to survive a motion to dismiss pursuant to Rule 12(b)(6).

On the first point, the Court notes that defendant did, in fact, raise plaintiff's failure to exhaust administrative remedies, which was the very basis of the Court's dismissal of this action -- albeit pursuant to Rule 12(b)(6) instead of Rule 12(b)(1).  Thus, plaintiff had fair notice of the grounds of the motion to dismiss, and defendant met its obligation to raise a defense that

---

[1]  Plaintiff invokes Fed. R. Civ. P. 60(b)(4), which authorizes relief where "the judgment is void," although his contentions of error in the legal standards applied suggest that the motion is one properly brought under Fed. R. Civ. P. 59(e).  Whether the Court considers the motion pursuant to Rule 59(e) or Rule 60(b)(4), the result is the same for the reasons stated above.

could otherwise be waived.  The lack of a citation to Rule 12(b)(6) does not preclude the Court from considering the deficiency raised by defendant.  See Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989) (noting that "whether the . . . provision is procedural or jurisdictional," dismissal was required where plaintiff failed to comply with statutory pre-suit requirements and the government had raised the defect).

On the second point, plaintiff's reliance on Koerner is misplaced.  Although Koerner, like this case, is an action for damages under the Taxpayer Bill of Rights alleging misconduct by the Internal Revenue Service, a court's finding that one complaint states a claim for relief is not dispositive of whether another similar -- but not identical -- complaint states a claim for relief.  Whether one plaintiff but not another exhausted the administrative remedies set forth in 26 C.F.R. § 301.7433-1(e) would be a significant difference.  Moreover, the decision referenced by plaintiff does not discuss whether that plaintiff exhausted her administrative remedies.  See Koerner, No. 05-1600, Order at 1-2 (D.D.C. Oct. 26, 2005) (limiting analysis to defendant's contention that the complaint "does not provide sufficient information to fashion a response").  When the court later reached the issue of exhaustion, it found that the plaintiff's failure to exhaust administrative remedies required dismissal of the action.[2]  See Koerner, No. 06-0024, Mem. Op. and Order at 3-8 (D.D.C. Mar. 31, 2006).  That court considered the defect as one of subject matter jurisdiction, but noted that "[e]ven if the exhaustion requirement were 'non-jurisdictional' in nature, plaintiff would fare no better," relying on the same cases cited in this Court's Memorandum Opinion.  See id. at 7 (citing, inter alia, McCarthy v. Madigan, 503 U.S.

---

[2] The plaintiff in Koerner raised the same claims based on the same alleged IRS misconduct in two separate civil actions -- No. 05-1600 and No. 06-0024.  See Koerner, No. 05-1600, Order at 1-2 (D.D.C. Jan. 30, 2006).  The court administratively terminated the first action, and directed the plaintiff to file her pleadings in the second action.  Id.  Thus, the court's ruling on failure to exhaust encompassed both cases.

140, 146 (1992), and Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004)).

Plaintiff's last argument is that dismissal was inappropriate because the issue of whether plaintiff should be required to exhaust his administrative remedies must be presented to the jury. Whether exhaustion of administrative remedies is required (including whether an exception applies) presents a question of law, which is for the court, rather than a jury, to decide. See Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 248 (3d Cir. 2002) (noting that "the applicability of exhaustion principles [is] a question of law"); Talbot v. Lucy Corr Nursing Home, 118 F.3d 215, 218 (3d Cir. 1997) ("Whether a district court properly required a plaintiff to exhaust her administrative remedies before bringing suit in federal court is a question of law"); Diaz v. United Agric. Employee Welfare Benefit Plan and Trust, 50 F.3d 1478, 1483 (9th Cir. 1995) ("the potential applicability vel non of exhaustion principles is a question of law").

Plaintiff misinterprets Turner v. United States, -- F. Supp. 2d --, 2006 WL 1071852 (D.D.C. 2006), as indicating that a jury must decide whether exhaustion of administrative remedies is required. Nothing in Turner suggests that questions of law are decided by a jury; rather, that case simply recognizes that, because exhaustion is an element of the claim for relief (rather than a question of subject matter jurisdiction), once a court has resolved the legal issue of whether exhaustion is required, any genuine issues of material fact relating to whether a plaintiff has exhausted those remedies generally are tried by a jury. See 2006 WL 1071852, at * 3 ("when a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; . . . disputes regarding predicate facts for the claim generally are tried to a jury ") (emphasis added). Indeed, in Turner, the court rejected the plaintiffs' contentions that exceptions to the exhaustion requirement should be

applied, without sending that dispute to a jury. Id. 2006 WL 1071852, at * 2. So, too, here, there is no factual dispute as to whether plaintiff has exhausted the administrative remedies provided at 26 C.F.R. § 301.7433-1(e). Neither plaintiff's complaint, his opposition to the motion to dismiss, nor his present filing contends that he has done so.

For the foregoing reasons, it is hereby

**ORDERED** that [16] plaintiff's motion for reconsideration is **DENIED.**


                                                          /s/
                                                  JOHN D. BATES
                                            United States District Judge

Date:  May 18, 2006


Copies to:

Paul B. Evans
Box 625
Coulee City, WA 99115
    Plaintiff, *pro se*

Pat S. Genis
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 227
Ben Franklin Station
Washington, DC  20044
Email: pat.genis@usdoj.gov
    *Counsel for defendant*