Leave to file GRANTED

*[signature]*    6/06/06

John D. Bates
United States District Judge

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

Paul B. Evans,                    )
                                  )    Case No: 1:06-cv-00032-JDB
            Plaintiff,            )
                                  )
v.                                )
                                  )
UNITED STATES (Government),       )
                                  )
            Defendant.            )
                                  )

## SECOND MOTION FOR RECONSIDERATION

With all due respect, and with an appreciation for the position the Court finds itself

in, Plaintiff hereby moves the Court to reconsider its denial of reconsideration, and further

reconsider its dismissal without prejudice of the above-captioned action.

This second motion is supported by the following:

### RECENT SUPREME COURT JURISPRUDENCE SUPPORTS PLAINTIFF

Although Plaintiff believes he correctly read the Court's Turner decision, the

Supreme Court's Arbaugh holding controls.  The Arbaugh Court was clear:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is
> the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc.,
> 530 U. S. 133 ."

The Court has already determined that the issue at hand - administrative

exhaustion - is an essential element;  Turner.  Based upon that determination, I moved

for reconsideration, which the Court then denied on the basis that the issue at hand is a matter of law, as distinguished from a matter of fact; a matter for a judge, rather than a jury. The Court also opined that applicability of an exception to an exhaustion requirement is a matter of law. I respectfully disagree.

### FINDINGS MUST BE BASED UPON EVIDENCE

Whether administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koerner (both cases), Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I believe that a proper reading of the statute supports this argument.

Based upon the foregoing, Plaintiff respectfully asserts that the Court should Reconsider its denial of reconsideration and its dismissal; and, upon Reconsideration, reinstate the case.

Respectfully Submitted


Dated _____5/30_____, 2006


_____Paul B. Evans_____
Paul B. Evans
Box 625
Coulee City


## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:


Pat S Genis
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044


Dated _____5/30_____, 2006

_____Paul B. Evans_____
Paul B. Evans